LEWIS WETSTEIN, et al.

v.

PATRICIA ARAUJO-WETSTEIN

No. 1295-89-2

Decided November 20, 1990

OPINION

Harry P. Anderson, Jr. (Anderson, Parkerson & Shields, on brief), for appellants.

Donald W. Lemons (Laurie L. Riddles; Durrette, Irvin & Lemons, P.C., on brief), for appellee.

OPINION

**BAKER, J.**—On August 17, 1989, the Circuit Court of the City of Richmond (trial court) entered an order which held Dr. Lewis Wetstein and Harry P. Anderson, Jr., his counsel (appellants), "jointly and severally liable for sanctions in the amount of $5808.50." It is from that order that appellants appeal.

Dr. Wetstein and Patricia Araujo-Wetstein (appellee) were formerly husband and wife. Dr. Wetstein refused to pay child support for their only child as provided in a property settlement agreement because appellee had removed the child from the state in which they lived when their divorce decree was entered. This case began when appellee instituted actions in the Richmond courts to collect the arrearages. The matter was scheduled to be heard in the trial court on December 21, 1987. On that date, the parties reached a settlement which was orally presented to and approved by the trial court; however, the order ratifying and affirming the agreement was not entered until April 4, 1988.

In relevant part, the April 4 order noted that the matter had been "settled, compromised, and agreed" and "ORDERED that . . . Lewis Wetstein pay Patricia Araujo-Wetstein, the sum of $45,000.00 . . . and . . . ORDERED that . . . Patricia Araujo-Wetstein, properly execute a deed to convey legal-title to property in the Canary Islands, Spain to . . . Lewis Wetstein . . ." with the cost of preparation of the deed to be borne by Dr. Wetstein.

Between December 21, 1987 and April 4, 1988, Dr. Wetstein did not present a deed to appellee. On her motion, the trial court included in the April 4 order a judgment in the sum of $45,000 in appellee's favor against Dr. Wetstein, who indicated his intention to appeal to the "Supreme Court."

For reasons not disclosed by the record, without notice to the parties, on April 25, 1988, the trial court entered a further order which contained the following provision:

The Court does this day set that order [the April 4, 1988 order] aside, it being within twenty-one days from its entry and does now enter the following order to clarify the events in this matter.

The April 25, 1988 order then specifically "confirmed and ratified" the terms of the agreement which had been set out in a previous paragraph; however, it did not specifically order appellee to execute a deed to the Canary Islands property as was required by the April 4, 1988 order. Furthermore, although the April 25 order recited that it was a "consent order" it was not endorsed by either party or their respective counsel.

On May 3, 1988, appellant Harry P. Anderson, Jr., counsel for Dr. Wetstein, filed objections and exceptions to the entry of the April 25 order, asserting that appellants "had no knowledge of what the Order contained until it was" subsequently received by mail. On May 5, 1988, an order was entered by the trial court suspending the execution of the $45,000 judgment entered on April 25, 1988, "until the Court of Appeals acts on" Dr. Wetstein's petition for appeal. Following the entry of that order, counsel for appellee filed a motion with the trial court requesting an award of sanctions, including reasonable expenses and attorneys' fees against appellants "for the filing of objections and exceptions to a *consent order* because said filing is not grounded in fact and is not warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law and, furthermore is, in fact, interposed for an improper purpose, i.e., harassment, unnecessary delay and unnecessary increase in the cost of litigation." (emphasis added).

Appellants proceeded to perfect their appeal from the April 25 order and, on June 14, 1988, the trial court entered an order granting appellee's motion for sanctions "pursuant to § 8.01-271.1 against" appellants and found "that the [appellants'] appeal of a *consent order* and the proceedings required because of the noting of an appeal has not been done in good faith and has been done for an improper purpose, namely to cause unnecessary delay and needless cost of litigation in these proceedings." (emphasis added). The order reserved for future consideration "the determination of the amount of sanctions to be awarded." From that order appellants perfected a further appeal.

A panel of the Court of Appeals consolidated the appeals from the April 25 and June 14, 1988 orders and heard argument on the appeals at one hearing. In its written opinion issued on May 5, 1989, a Court of Appeals panel stated that the issues it was asked to decide were whether the trial court had jurisdiction to enter an order reflecting the settlement agreement reached by the parties, and whether the trial court abused its discretion by imposing sanctions on appellants. The full panel dismissed the appeal from the sanctions order, without prejudice, on the ground that it was an interlocutory order which the Court of Appeals did not have jurisdiction to consider. *See* Code § 17-116.05(3). A majority of the panel affirmed the April 25 order. Its opinion was limited to a

finding "that the [trial] court had jurisdiction to enter the order enforcing the agreement, which is binding on both parties." In his dissent, Judge Barrow said:

> The trial court's second order, on April 25, 1988, set aside its order of April 4, 1988 which had entered judgment on the settlement agreement, but the second order failed to incorporate all of the terms of the agreement. It entered judgment against the husband [Dr. Wetstein] for $45000 in arrearage without also requiring the wife (appellee) to convey certain property owned by the parties as the first order [April 4, 1988] had done. . . . [A]lthough the second order recited that it was a consent order, it was not. The first order had been a consent order, but the second was entered by the [trial] court without notice to the parties or their attorneys and it was not endorsed by counsel.

The validity of the April 25, 1988 order upon which the trial court based its imposition of sanctions is not at issue in this case; instead, the issue is whether the trial court properly imposed sanctions on appellants for filing exceptions to the order and for perfecting an appeal therefrom. On this record, we hold that the filing of exceptions and objections to the order and the appeal from the April 25, 1988 order were not undertaken for an improper purpose and that the evidence contained in this record did not support imposition of sanctions pursuant to Code § 8.01-271.1.

Accordingly, we reverse the judgments of the trial court entered on June 14, 1988 and August 17, 1989, respectively, and dismiss the sanctions imposed.

*Reversed and dismissed.*

Cole, J., and Willis, J., concurred.